### No. 432
### NATIONAL FIRE INS. CO. v. FREES
Ohio Appeals, Lucas County
No. 1306. Decided April 2. 1923

647. INSURANCE—Owner of automobile cannot recover on automobile insurance policy unless he performs all conditions of the policy in regard to giving notice, proof of loss, etc., on his part.

KINKADE, J.
Epitomized Opinion
Published Only in Ohio Law Abstract

Mary Frees brought an action to recover damages arising by reason of the theft of an automobile covered by a policy issued by The National Fire Insurance Co. In her petition she alleged that she had complied with all the conditions except the provision which required her to file with the Insurance Company a verified proof of loss to which the claim had been waived. The policy of insurance was for $4500, and the value of the car was averred to be $500. The policy provided that if the sworn statement of loss was not filed within 60 days, the policy would become null and void. No evidence was offered that the adjuster had authority to modify the terms of the policies. A verdict was rendered for the plaintiff. The defendant company prosecuted error. In reversing the judgment of the lower court, the Court of Appeals held:

1. As there was no evidence of any waiver by the Company itself of any provisions of the policy and no evidence that it 'authorized

any agent to waive any such provisions, the insurance company was not liable for the loss sustained, as the plaintiff did not perform the conditions required by the policy.

Attorneys—Marshall & Fraser, for National Fire Insurance Co.; Hackett & Lynch, for Frees; all of Toledo.

---

### No. 433
### KUHN v. CONTINENTAL ASSURANCE CO.
Ohio Appeals, 8th Dist., Cuyahoga County
No. 4094. Decided Nov. 6, 1922

723. LIFE INSURANCE—Where an insured willfully misrepresents the warranties in the policy, the beneficiary cannot recover.

INGERSOLL, J.
Epitomized Opinion
Published Only in Ohio Law Abstract

This was an action on a life insurance policy. In the application for the insurance, the plaintiff, Kuhn, was asked certain questions. The Insurance Company claimed that some of the answers given by the plaintiff to these questions in the application were willfully false and untrue. It pleaded that these answers were material. If offered in evidence the testimony of several doctors to the effect that they had treated Kuhn several times for tuberculosis. The court directed a verdict for the defendant. In sustaining the verdict of the lower court, the Court of Appeals held:

1. As the decedent willfully and knowingly made unture answers to certain interogatories as to his physical condition concerning material matters, he broke the conditions of his policy and the beneficiary could not recover the amount thereof at his death.

Attorneys—Griswold, Green, Palmer & Hadden, for Kuhn; John H. McNeal, for Assurance Company; all of Cleveland.