**BAKER, Plaintiff-Appellant, v. PERMANENT INSURANCE CO., Defendant-Appellee.**

Ohio Appeals, Second District, Montgomery County.

No. 2293.   Decided April 5, 1955.

Herbert M. Eikenbary, Jack H. Patricoff, Dayton, for plaintiff-appellant.

Pickrel, Schaeffer & Ebeling, Dayton, By William H. Selva, of Counsel, for defendant-appellee.

## OPINION

By THE COURT:

This is an action brought under the terms of a policy of insurance to recover for a loss coming within its provisions.   One of the duties imposed upon the assured by its express provisions required that proof of loss be filed with the company "within sixty days after the occurrence of loss, unless such time is extended in writing by the company * * *."

The trial court in a separate finding of facts found that the plaintiff had suffered the loss complained of, but that the terms of the policy requiring notice to the insurance company had not been complied with, in that "plaintiff failed to introduce any notice or proof of loss to the defendant company."   A judgment was rendered in favor of the defendant which we find is in accordance with law.   See **National Fire Ins. Co. v. Frees, 2 Abs 444; Independent Directory Corp. v. Vandenbrock, 57 Abs 313; 22 O. Jur. 729.**

The question of waiver or estoppel is not presented for the reason that no attempt was ever made to notify the company or any of its agents of said loss; hence, it performed no act which could constitute a waiver of the limitation clause. The record discloses that only the mortgagee with an insurable interest was notified, who was not an agent of the insurance company.

Finding no error in the record the judgment will be affirmed.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.